IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RAMU ENTERPRISES, LLC )
DBA RACK CITY, MELANIE )
HADLEY, and RAYA BOOTH )
)
     Plaintiffs, )
)
vs. ) CIVIL ACTION NO.: _____
)
THE CITY OF DOTHAN, ALABAMA, )
a Municipal Corporation, )
)
     Defendant. )

**VERIFIED CIVIL COMPLAINT FOR DECLARATORY JUDGMENT,
TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF
AND REQUEST FOR EXPEDITED CONSIDERATION**

Come now the Petitioners, Ramu Enterprises, LLC, Melanie Hadley and Raya Booth, who through undersigned counsel, respectfully show:

1. The Defendant herein is the City of Dothan, Alabama, a municipal corporation (hereinafter "City of Dothan").

2. Petitioner, Ramu Enterprises, LLC, is an Alabama Limited Liability Company conducting business in Houston County, Alabama. Petitioner, Ramu Enterprises, LLC, owns and operate a restaurant located within the police jurisdiction of the city of Dothan, Alabama, in full reliance upon existing licenses as issued by the City of Dothan and the State of Alabama Beverage Commission. Petitioner, Melanie Hadley is an adult, resident of Houston County, Alabama, and is regularly employed by Ramu Enterprises, LLC, dba Rack City, as an entertainer for the patrons of the restaurant. Petitioner, Raya Booth is an adult, resident of Houston County, Alabama, and is regularly employed by Ramu Enterprises, LLC, dba Rack City, as an entertainer for the patrons of the restaurant.

3.    This Honorable Court is vested with jurisdiction over the federal question claims raised in this complaint, pursuant to 28 U.S.C. §1331, as well as, all supplemental state law claims raised in this complaint pursuant to 28 U.S.C. §1367. As more fully set forth herein and in the accompanying memorandum of authorities, Petitioner's complaint sets forth claims arising under 42 U.S.C. §§ 1983, 1985, and 1988.

4.    Petitioner, Ramu Enterprises, LLC, has owned and operated Rack City, for approximately three years and has been and is currently licensed to engage in business activities in the City of Dothan under the following classifications: restaurant retail liquor; retail wine (on and off premises); retail beer (on and off premises); arcades, and restaurant full service. Petitioner also holds state licensing for the following activities:  restaurant retail liquor; retail wine (on and off premises); retail beer (on and off premises).

5.    Section 28-3A-13, provides the licensing for restaurants, hotels, civic centers, dinner theaters.  It provides:

(a) Upon applicant's compliance with this chapter and the rulesadopted thereunder, the board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his or her application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval issue a restaurant liquor license for a hotel, restaurant, civic center authority, or dinner theater which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine and beer, including draft or keg beer, in any county or municipality in which the sale thereof is permitted, from any wholesale licensee of the board and, in that part of the hotel, restaurant, club, or dinner theater set out in the license, to sell liquor and wine, dispensed from containers of any size, and beer, including draft or keg beer, in any county or municipality in which the sale thereof is permitted, to the patrons, guests, or members for on-premises consumption in any part of the civic center or in that part of the hotel, restaurant, or dinner theater habitually used for serving meals to patrons, guests, or members, or other public or private rooms of the building in accordance with this chapter and the rules adopted thereunder, and where a restaurant located in a hotel, but not operated by the owner of the hotel, is licensed to sell alcoholic beverages in the restaurant, it may also sell alcoholic beverages to guests in private rooms in the hotel.

(b) In accordance with Section 28-3A-13.1, a restaurant retail liquor licensee licensed to sell beer, wine, or spirits for on-premises consumption may apply for and be issued a delivery service license that authorizes the licensee to deliver, along with the purchase of a meal, beer, wine, or spirits from the retailer's premises.

6.    On or about, April 25th, 2025, Gayle Campbell, acting in her capacity as a Revenue Officer with the City of Dothan, with no prior notice or citation served Jack Ramu, a member of Ramu Enterprises, LLC, a notice of business license violation and a cease and desist order asserting that Ramu Enterprises, LLC, d/b/a Rack City, by allegedly providing entertainment, prohibiting minors, and requiring a cover charge, was engaging in activities that require a license under the "lounge retail liquor" classification. Additionally, the cease and desist order alleged, without any specifics or definition, that Ramu Enterprises, LLC, d/b/a Rack City, was engaging in erotic dancing in an establishment dealing in or permitting the consumption of alcoholic beverages, in violation of Alabama Code § 45-35-20.04, and City of Dothan Code of Ordinances § 6-98. (Exhibit "1")

7.    Section 28-3A-11, Code of Alabama provides the licensing for lounges, stating as follows:

Upon applicant's compliance with the provisions of this chapter and the regulations made thereunder, the board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a retail liquor license which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, from any wholesaler licensee of the board and to sell at retail liquor and wine, dispensed from containers of any size, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, to patrons. A lounge liquor licensee may permit dancing or provide other lawful entertainment on the licensed premises. No person under 19 years of age shall be admitted on the premises of any lounge liquor licensee as a patron or employee, and it shall be unlawful for any such licensee to admit any minor to the premises as a patron or employee.

8.    Section 43-35-20.04, Code of Alabama, a state statute specific to Houston County, prohibits the following activities in establishments selling or permitting the consumption of alcoholic beverages:

(a)    It shall be unlawful and no person shall expose to public view his or her genitals, pubic area, vulva, anus, anal cleft, or cleavage or any simulation thereof within an establishment dealing in or permitting the consumption of alcoholic beverages or within 500 feet of an establishment dealing in or permitting the consumption of alcoholic beverages.

(b) It shall be unlawful and no person maintaining, owning, or operating an establishment dealing in or permitting the consumption of alcoholic beverages shall allow or permit any person to expose to public view his or her genitals, pubic area, vulva, anus, anal cleft, or cleavage or simulation thereof within an establishment dealing in or permitting the consumption of alcoholic beverages or within 500 feet of an establishment dealing in or permitting the consumption of alcoholic beverages.

(c) It shall be unlawful and no person maintaining, owning, or operating an establishment dealing in or permitting the consumption of alcoholic beverages shall allow or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof within an establishment dealing in or permitting the consumption of alcoholic beverages.

(d) Within an establishment dealing in or permitting the consumption of alcoholic beverages or within 500 feet of an establishment dealing in or permitting the consumption of alcoholic beverages, it shall be unlawful and no person shall engage in and no person maintaining, owning, or operating an establishment dealing in or permitting the consumption of alcoholic beverages shall allow or permit any nudity, partial nudity, erotic bikini dancing, erotic conduct while partially nude, simulated nudity, topless dancing, or any other type of similar live entertainment including, but not limited to, erotic bikini dancing, or other entertainment where the entertainers, employees, dancers, or waiters appear nude or semi-nude or in the simulation thereof.

(e) Within an establishment dealing in or permitting the consumption of alcoholic beverages or within 500 feet of an establishment dealing in or permitting the consumption of alcoholic beverages, it shall be unlawful for any person to recklessly, knowingly, or intentionally appear, or to recklessly, knowingly, or intentionally cause or permit another person to appear, in public in a state of dress or undress that any of the male or female genitals, pubic area, and cleavage, the nipple and areola of the female breast or portions thereof are exposed to view, or are not completely covered with anything other than a full and opaque covering. Attire which is

insufficient to comply with these requirements includes but is not limited to, those items known as G-strings, T-backs, dental floss, and thongs. Body paint, body dye, tattoos, latex, pasties tape, or any similar substance applied to the skin surface, any substance that can be washed off the skin, or any substance designed to simulate or which by its nature simulates the appearance of the anatomical area beneath it, is not full and opaque covering as required by this part.

(f) Distances referred to in this section shall be measured from property line to property line, without regard to the route of normal travel.

9.    Section 6-98, Code of Municipal Ordinances of the City of Dothan, provides the same restrictions in similar terms without the distance provisions:

(a) No person shall expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or any simulation thereof in an establishment dealing in alcoholic beverages.

(b) No female person shall expose to public view any portion of her breasts below the top of the areola or any simulation thereof in an establishment dealing with alcoholic beverages.

(c) No person maintaining, owning or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or simulation thereof within the establishments dealing in alcoholic beverages.

(d) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof within the establishment dealing in alcoholic beverages.

(e) Within an establishment dealing in alcoholic beverages, no person shall engage in and no person maintaining, owning or operating an establishment dealing in alcoholic beverages shall suffer or permit any sexual intercourse; masturbation; sodomy; bestiality; oral copulation; flagellation; any sexual act which is prohibited by law; touching, caressing or fondling of the breasts, buttocks, anus or genitals; or the simulation thereof.

(f) Within any establishment dealing in alcoholic beverages, no person shall cause and no person maintaining, owning or operating an establishment dealing in alcoholic beverages shall suffer or permit the exposition of any graphic representation, including pictures or the projection of film, which depicts human genitals, pubic area, vulva, anus, anal cleft or cleavage; female breasts below the top of the areola; sexual intercourse; masturbation; sodomy; bestiality; oral copulation; flagellation; any sexual act prohibited by law; touching, caressing or fondling of the

breasts, buttocks, anus or genitals; or any simulation thereof.

10.     Petitioners, Ramu Enterprises, LLC, Melanie Hadley and Raya Booth are all entitled to the protections of the First Amendment to the United States Constitution and Article 1, Section 4 of the Alabama Constitution.

11.     Petitioners, Ramu Enterprises, LLC, Melanie Hadley and Raya Booth are all entitled to the protections of the Fourteenth Amendment to the United States Constitution and Article 1, Section 35 of the Alabama Constitution.

## FIRST CAUSE OF ACTION

12.     Paragraphs 1 - 11 are incorporated herein by reference.

13.     Petitioners respectfully show that Defendant's attempt to force it to cease and desist that portion of its business providing female dance entertainment with dancers dressed in bikinis, with a bra covering the entire breast and a bottom covering the entire buttocks; and providing entertainment from a DJ, with a cover charge for such entertainment, none of which is prohibited by Petitioner Ramu's licensing as issued by the State of Alabama and the City of Dothan, is an unconstitutional violation of Petitioner's freedom of expression as protected by the 1st and 14th Amendments to the United State's Constitution and Article 1, Section 4 of the Alabama Constitution.

## SECOND CAUSE OF ACTION

14.     Paragraphs 1 - 11 are incorporated herein by reference.

15.     Petitioner, Ramu Enterprises, LLC, respectfully shows that Defendant's attempt to force it to cease and desist the activities as specified above which allow them to successfully operate the restaurant free from unreasonable restraint or usurpation is an unconstitutional violation of Petitioner's freedoms as protected by the 1st and 14th Amendments to the United States Constitution

and Article 1, Section 35 of the Alabama Constitution.

## THIRD CAUSE OF ACTION

16.     Paragraphs 1 - 11 are incorporated herein by reference.

17.     Petitioners, Melanie Hadley and Raya Booth, respectfully shows that Defendant's attempt to force Ramu Enterprises, LLC, it to cease and desist the activities as specified above which allow Ramu Enterprises, LLC, to successfully operate the restaurant free from unreasonable restraint or usurpation operates as a deprivation of their respective rights to property, to work and to earn and is an unconstitutional violation of Petitioner's freedoms as protected by the 1st and 14th Amendments to the United States Constitution and Article 1, Section 35 of the Alabama Constitution.

## FOURTH CAUSE OF ACTION

18.     Paragraphs 1 - 11 are incorporated herein by reference.

19.     Petitioners respectfully show that Defendant's attempt to revoke Petitioner's existing licensing is an unconstitutional violation of Petitioner's state and federal due process guarantees because it constitutes an unconstitutional taking of vested property rights without due process of law, compensation, and it acts in a retroactive manner.

## FIFTH CAUSE OF ACTION

20.     Paragraphs 1 - 11 are incorporated herein by reference.

21.     Petitioner, Ramu Enterprises, LLC, respectfully alleges that Defendant's attempt to force it to cease and desist doing business under threat of an action to revoke its existing business licenses which specifically allowed it to successfully operate its  restaurant is an unconstitutional violation of Petitioner's state and federal due process guarantees because the verbiage of the ordinances cited are so vague "that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Const.Co., 269 U.S. 385, 391, 446*

*S.Ct. 126, 127,70 L.Ed. 322 (1926).*

## RELIEF REQUESTED

Petitioners, individually and jointly, respectfully show that they are entitled to the following relief:

1. Pursuant to rule 65(b) of the Federal Rules of Civil Procedures, Petitioners are entitled to injunctive relief in the form of a temporary restraining order, suspending the enforcement of Section 6-98 of the Municipal Ordinances of the City of Dothan, Alabama, and Section 45-35-20.04 of the State's statutes on the grounds that immediate and irreparable injury, loss, and damage will result to Petitioners in light of the prima facie showing that Petitioners will prevail on the merits of the case, or, in the alternative, Petitioners are entitled to injunctive relief in the form of a temporary restraining order, suspending the enforcement of Ordinance Section 6-98 against Petitioners without any showing of irreparable injury which need not be shown when they deprive of a constitutional right is at issue, is as thoroughly demonstrated herein and the accompanying memorandum of authorities, because the threatened and actual violation of constitutional rights constitutes irreparable injury as a matter of law.

2. Pursuant to rule 65(a) of the Federal Rules of Civil Procedures, Petitioners are entitled to injunctive relief in the form of a preliminary injunction, suspending the enforcement of the ordinance against Petitioners pending further orders of this Honorable Court, on the grounds that immediate and irreparable injury, loss, and damage will result to Petitioners in light of the prima facie showing that Petitioners will prevail on the merits of the case, or, in the alternative, Petitioners are entitled to injunctive relief in the form of a temporary restraining order, suspending the enforcement of Ordinance § 6-98 against Petitioners without any showing of irreparable injury which need not be shown when the deprivation of a constitutional right is at issue as in this matter and as thoroughly been demonstrated herein because a threatened or actual violation of constitutional rights constitutes irreparable injury as a matter of law.

3. Pursuant to Rule 57 of the Federal Rules of Civil Procedures and 28 U.S.C. § 2201 and § 2202, Petitioners entitled to a declaratory judgment invalidating Municipal Ordinance § 6-98 of the City of Dothan, declaring it vague, null, void, and Constitutionally unenforceable, together with all necessary and further relief as may be proper based on the declaratory judgment or decrees issued by this honorable court, including, but not limited to, a final permanent injunction;

4. As a direct result of Defendant's violation of Petitioner's civil rights, Petitioners have sustained damage, including, but not limited to; the deprivation of their constitutional rights; humiliation; embarrassment; and mental anguish; damage to their personal and professional reputations; past, present, and future loss of wages,

entitling Petitioners to compensatory and punitive damages; and attorneys fees pursuant to 42 U.S.C.A. Section 1988; and

5.     Petitioners further request all such additional relief as to which they are entitled at law or in equity.

**Ramu Enterprises, LLC**

By: _____
Joaquin Ramu, Member

Before me the undersigned notary public, or other officer authorized to administer oaths on the 6th day of May 2025 personally appeared Joaquin Ramu, who is known to me and whose name is signed to the above Complaint as a Member of Ramu Enterprises, LLC, and being sworn by me he stated that he has read the above Complaint, subscribed by him, and knows the contents thereof, and that the same are true of his own knowledge, except as to matters which are therein stated to be on his information and belief, and as to those matters he is informed and believes them to be true.

_____
Notary Public
My Commission Expires: 4/9/29

_____
**Melanie Hadley**

Before me the undersigned notary public, or other officer authorized to administer oaths on the 6th day of May 2025 personally appeared Melanie Hadley, who is known to me and whose name is signed to the above Complaint, and being sworn by me, stated that she has read the above Complaint, subscribed by her, and knows the contents thereof, and that the same are true of her own knowledge, except as to matters which are therein stated to be on her information and belief, and as to those matters she is informed and believes them to be true.

_____
Notary Public
My Commission Expires: 4/9/29

_Raya Booth_
**Raya Booth**

Before me the undersigned notary public, or other officer authorized to administer oaths on the $\underline{6^{th}}$ day of May 2025 personally appeared Raya Booth, who is known to me and whose name is signed to the above Complaint, and being sworn by me, stated that she has read the above Complaint, subscribed by her, and knows the contents thereof, and that the same are true of her own knowledge, except as to matters which are therein stated to be on her information and belief, and as to those matters she is informed and believes them to be true.

_Emily Renae Kalil_
Notary Public
My Commission Expires: 4|9|29



*Stephen T. Etheredge*
Stephen T. Etheredge (ETH002)
BUNTIN, ETHEREDGE & FOWLER, LLC
Attorney for Plaintiff
P.O. Box 1193
Dothan, AL 36302
334-793-3377

*Dustin J. Fowler*
Dustin J. Fowler (ETH002)
BUNTIN, ETHEREDGE & FOWLER, LLC
Attorney for Plaintiff
P.O. Box 1193
Dothan, AL 36302
334-793-3377

# EXHIBIT '1'



# THE CITY OF
# DOTHAN, ALABAMA

POST OFFICE BOX 2128 · DOTHAN, ALABAMA 36302 · 334-615-3000

ROMONA L. MARCUS, CGFM
FINANCE DIRECTOR-TREASURER

TAMRA L. REYNOLDS, CPA
ACCOUNTING MANAGER

SAMANTHA K. PHELPS, CGFM
ASSISTANT FINANCE DIRECTOR

MORGAN B. RODRIGUEZ
UTILITY COLLECTIONS MANAGER

THAD J. TAYLOR, CPA
PURCHASING AGENT

CARA N. SUMMERLIN
BUSINESS SERVICES MANAGER

April 25, 2025

Rack City
Ramu Enterprise LLC
4636 South Oates St
Dothan, AL 36301

Via:    US Mail to the above addresses and Hand Delivery

RE:    BUSINESS LICENSE VIOLATION NOTICE

Dear Jack Ramu,

Rack City is currently licensed to engage in business activities under the following classifications:
-Restaurant Retail Liquor
-Retail Wine (On or Off Premises)
-Retail Beer (On or Off Premises)
-Arcades
-Restaurant – Full Service

An investigation has determined that the business is engaging in activities included under the Lounge Retail Liquor classification as well as in the presentation of erotic dancers.

By providing entertainment, prohibiting minors, and requiring a cover charge, the business is engaging in activities that require a license under the Lounge Retail Liquor classification. Pursuant to the City of Dothan Code of Ordinances, a business license is required for each classification engaged in and it is unlawful to engage in business without the required license. City of Dothan Code of Ordinances §§ 18-4(b), 18-6.

Additionally, it is unlawful to engage in erotic dancing, in establishments dealing in or permitting the consumption of alcoholic beverages. Ala. Code (1975) § 45-35-20.04, City of Dothan Code of Ordinances § 6-98.

**You are instructed to immediately cease the above describe unlicensed and illegal activities.**

## FINANCE DEPARTMENT

126 NORTH SAINT ANDREWS STREET · DOTHAN, ALABAMA 36303
PHONE 334-615-3140 · FAX 334-615-3149

You are further instructed to, within 5 business days, provide to the City of Dothan Business License Office proof of all filings and payment of all sales and alcohol taxes in accordance with the City of Dothan Code of Ordinances § 18-9.

If you continue to engage in unlicensed and/or unlawful business activities or refuse to allow the inspection of your records, the City will institute proceedings to revoke your existing business licenses. Additionally, any further illegal activities may result in the issuance of arrest warrants.

_Gail Campbell_
Revenue Officer Signature

I hereby acknowledge receipt of this Business License Violation Notice.

_[signature]_
Business Owner/Manager Signature

Certificate of Service

I hereby certify that I, on April __25__, 2025, have served this Business License Violation Notice by placing a copy thereof in the US Mail, postage prepaid, to the following addresses, 4636 South Oates St. Dothan, Alabama 36301, and by hand delivery to___Joaquin Ramu___.

_Gail Campbell_
Revenue Officer Signature

Ⓐ we do serve minor's. I do not agree with the No minor Statement